Case 31.

## Hortsman *vs.* Covington and Lexington Railroad Company.

ORD. PET.

APPEAL FROM KENTON CIRCUIT.

1. Where the right of way is granted to a railroad company, and it is necessary to make cuts through the ground to the proper enjoyment of the right of way, it is not incumbent on the grantee to build walls to prevent the falling of the banks. (2 *Rolls. Ab.* 505; 12 *Mass. Rep.* 220; 17 *John.* 92.)

2. A paper copied into the record sent to this court from the circuit court, though certified by the clerk to have been offered as an amendment to the pleadings, but not so certified in the bill of exceptions, cannot be treated by this court as part of the record.

CASE STATED.

The appellant granted to appellees the right of way for a railroad to pass through his land; in pre-

paring that way it was necessary to make a deep cut in the ground through which the way was to be enjoyed. This suit was brought by appellant against appellees for the failure of appellant to build walls on the side of the ditch to prevent the falling in of the sides of the cut, and thereby injuring the appellant. The court below sustained a demurrer to the petition, and the plaintiff has appealed to this court.

*Cambron & Fisk* for appellant—

Argued—1. That the petition and amendment showed a good cause of action. The right of way was all that was granted to the railroad company, and that gave the right so to use the grant as not to injure the grantor. The failure of the company to build a wall to prevent the falling in of the banks to the injury of appellant was a binding duty, and for failing to do so, whereby damage resulted to the appellant, gave a ground of action which is aptly set out in the petition, and admitted to be true by the demurrer.

2. It was the duty of appellees so to wall the sides of the cut made for the railroad, as to prevent the sliding of the banks to the injury of appellant. (*Cited Dodd vs. Holme*, 3 *Nevill and Manning*, 739; *Trane vs. Chadwick*, 3 *Berry*, *W. C. Repts.* 334; *Pierce vs. Munson*, 17 *Louisana Reports*, 389; *Partridge vs. Scott*, 3 *Mea. and Wel.*) The statement in the petition, that the defendants proceeded so carelessly and negligently as to cause the plaintiff's house to fall, was held to be sufficient in *Shreve vs. Stokes*, 8 *B. Monroe*, 455.

3. There was a legal consideration for the promise so to act as not to injure plaintiff's property. 2 *Kent*, 464.)

The following authorities are referred to as bearing on the case: 1 *Foster*, 359; cited 1 *vol. Am. R. R. Ca.* 206; 3 *Metcalfe*, 338; 3 *Kent*, 347; *Chitty on Contracts, title Consideration; Parsons on Contracts, same title*.

*Benton & Nixon* for appellees.

Two grounds are relied on for a reversal of the judgment of the circuit court, and upon which the action was maintainable: 1. Negligence and carelessness in the construction of the road through the plaintiff's premises. 2. An express promise to provide a wall to protect plaintiff's property.

The only charges of carelessness and negligence imputed to the defendant, are the "digging of a deep ditch for the track of the road to the depth of thirty feet," and that the defendant left the banks of the ditch without side walls, or other protection, to keep the banks from sliding, and that the side-walls were not properly sloped." It is not pretended that the cut was of any greater width than was necessary for the proper enjoyment of the right of way.

The law did not impose upon the appellee the duty of providing means for the protection of plaintiff's property—that was his duty. He conveyed the right of way to the company through his land; they were as fully vested with the right of way as if it had been acquired through the means provided by the statute. (*See charter, sec.* 11.) The grant of the right of way includes the right to do what may be necessary for its enjoyment.

There was no promise, express or implied, to build a wall to prevent slides. It was in the plaintiff's power to have made such a contract. He made none. The law makes none.

It is stated as law in 2 *Ralls, Ab.* 505, that if one build a house, and makes a cellar on his own soil, whereby a house built on an adjoining soil falls, he is not answerable in damages, without proof of negligence. Analogous is the case of *Clarke vs. Foote,* 8 *John.* 421; *Livingston vs. Adams,* 8 *Cowen,* 175; 17 *Johnson,* 92; 12 *Mass. Rep.* 220.

The court are referred to the cases of *Aldrick vs. Chesire R. R. Co.* 1 *Foster,* 359; *Steele vs. Western Inland Co.* 2 *John.* 283; *see also Mason vs. Kennebeck and Portland R. R. Co.* 31 *Maine R.* 1 *Am. R. R. Ca.; Bur-*

*rows vs. Housetonic R. R. Co.* 1 *Con. Rep.* 124; 2 *Amer. R. R. Ca.* 30; *Phila. and Reading R. R. Co. vs. Yeizer,* 8 *Barr. Rep.* 366; 2 *Am. R. R. Ca.* 235; *Mefflin vs. Harrisburg, Portsmouth, Mountjoy, and Lancaster R. R. Co.* 2 *Am. R. R. Ca.* 293.

2. It follows that if there existed a contract requiring the defendant to take care or provide means for the protection of plaintiff's property, a promise to do so was gratuitous, and without consideration, a mere *nu-dum pactum*, and consequently void. (*Chit. on Con.* 52.) But if these were not so, the petition does not contain the necessary averments. It is not avered that defendant promised to build a wall; that there ever was any request to build the wall. The judgment is right.

Judge STITES, delivered the opinion of the court.          Sept. 23, 1857.

The demurrer to the original petition was properly sustained.

The petition showns that the plaintiff had parted with the right of way för the railroad, and it must be assumed that he contemplated and assented to such use of the way as would render it practicable for the purposes for which it was intended. It does not appear, from any allegation in the petition, that the railroad company used or appropriated the way to any purpose not contemplated by the parties, nor that the company, in using the way for the track, dug the ditch or trench deeper or wider than was necessary, or went outside of the width granted for the way; but the grievance of the complaint is, that no walls were erected by the company for the protection of the plaintiff's property, and the failure to erect such walls is the negligence and carelessness complained of in the original petition.

Now, although it devolved upon the company, in the use of the way for the purpose contemplated, to observe proper care and precaution so as to avoid unnecessary injury to plaintiff's property, and although a failure to do this would furnish a just

1. Where the right of way is granted to a railroad company, and it is necessary to make cuts thro'

HORTSMAN
*vs.*
LEX. & COV. R. R.

the ground to
the proper en-
joyment of the
right of way, it
is not incum·
bent on the
grantee to build
walls to prevent
the falling of
the banks. (2
*Ralls. Ab.* 505;
12 *Mass. Rep.*
220; 17 *John.*
92.)

ground of complaint for injury resulting from such failure, we are of opinion that it did not devolve upon the company to construct a wall or erect any defenses for the *protection* of the adjoining property from the consequences resulting from a proper and reasonable use of the way for the railroad, although such consequences would be injurious, and inevitably so, to the plaintiff. It is for injury resulting to a man from the careless and negligent use by another of his property, that the law affords redress to the former; the latter is not responsible for the reasonable use of his own property, although such use may result in damage to his neighbor.

It is obvious, from the petition here, that the plaintiff knew to what use the way would be applied; the presumption is that he estimated the damage that would necessarily result from the use of the way for the railroad track. The complaint is, not that it was not used for that purpose, or for a different one, but that the company failed to protect him by walls or otherwise, from the falling in of his adjoining land. If the plaintiff desired to be protected from the injury, which he himself says was the inevitable result of the use of the way, without walls to prevent the caving in of the adjoining land, he should have stipulated for the erection of such walls. He parted with the right of way without such stipulation and the company then acquired the right to use the way for the purpose designed. It was not their duty to *protect* the plaintiff against consequences resulting inevitably or necessarily from such use, and such as might have been reasonably foreseen. All that the law required of them was to observe that care and precaution in the use of the way that would prevent unnecessary injury to the adjoining property. If the injury complained of was not the result of carelessness or negligence in the use of the way, but of the alleged failure to protect the plaintiff's property from consequences inevitable from the proper use of the way for the object contemplated, such injury furnish-

ed no ground of action. (2 *Rlals. Abr.* 505; 12 *Mass.* 220; 17 *Johnson*, 92.)

The amendment which was offered to be filed and refused, has not been made a part of the record by a proper bill of exceptions, or any order of court directing it to be filed as a part of the order noting the exceptions, and cannot be considered in this appeal. The mere statement of the clerk that the paper copied was the amendment offered, without any reference thereto in the order rejecting it, or any other order recognising it as the paper offered and refused, or a bill of exceptions embodying it and making it a part of the record, is insufficient to bring it before the court as a constituent part of the case for revision. The paper copied, however, does not, in our opinion, cure the defects in the original petition. It alledges, it is true, a failure to slope the walls of the ditch, and states that as an act of negligence, but makes the injury complained of the result, not of the failure to make the necessary slope alone, but of that *and* the failure to erect the walls. And, as we have seen, the failure to erect the walls for the protection of the plaintiff, without which, as the plaintiff shows, the injury would not have ensued, was not an act of negligence or carelessness for which the company would be responsible.

Judgment *affirmed*.

2. A paper copied into the record sent to this court from the circuit court, though certified by the clerk to have been offered as an amendment to the pleadings, but not so certified in the bill of exceptions, cannot be treated by this court as a part of the record.